**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENZO COSTA, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>   Defendants. | Case No.  1:19-cv-3185 (RDM) |

**<u>EMERGENCY MOTION FOR LEAVE TO CONDUCT LIMITED
EXPEDITED DISCOVERY FOR THE PURPOSE OF DETERMINING
STATUS OF CONDITIONS AND IMPACT ON PATIENT CARE</u>**

Plaintiffs Enzo Costa, Vinita Smith, William Dunbar, and Stefon Kirkpatrick ("Plaintiffs") hereby move, pursuant to Fed. R. Civ. P. 26(d)(1), for an order allowing them to take limited, expedited discovery from the Defendants for the purpose of obtaining critical facts to determine if emergency injunctive relief is necessary to prevent Defendants from causing Plaintiffs irreparable harm.  Plaintiffs are requesting a 30(b)(6) deposition and targeted requests for production (topics set forth in Appendix A), including the water test results demonstrating the safety of the water at Saint Elizabeths Hospital.  Such information is necessary to determine whether current conditions warrant seeking preliminary injunctive relief.  Because of the exigency of the request, Plaintiffs also move to shorten Defendants' time to respond to the requests for production and to produce witness(es) for deposition.

**BACKGROUND**

Saint Elizabeths Hospital, the only public psychiatric facility in the District for individuals with serious and persistent mental illness who need intensive inpatient care to

support their recovery, was without clean running water for 28 days, from September 26 through October 24, 2019, because of a bacterial contamination. During the 27-day water outage, patients at Saint Elizabeths were left in unconscionable conditions: patients in need of intensive psychiatric care were denied treatment and patient health and safety were compromised by unsanitary conditions. *See generally* Compl. ¶¶ 39-83. This was the second prolonged outage of water and interruption of care at the facility in the last three years. Compl. ¶ 1.

During the recent outage, the lack of running water at Saint Elizabeths deprived patients of the care that medical professionals have determined is necessary to protect and improve their mental health. The Plaintiffs were not able to receive their prescribed care, including various types of therapy. Compl. ¶¶ 47-52. Further, Plaintiffs were subjected to unhygienic and dangerous conditions, including overflowing toilets and severely limited access to showers. Compl. ¶¶ 53-76.

On the day this lawsuit was filed — October 23 — Defendants claimed that they were restoring running water at the Hospital. But since Defendants made their claim on October 23 that running water was being restored, there have been troubling signs that the issues have not, in fact, been resolved. In particular, plaintiffs (and others) have reported:

- Patients have been instructed not to drink the water or use the water for brushing their teeth;

- defendants have provided bottled water for patients and staff;

- on November 1, 2019, the water was again shut off for a period of time in at least one unit at the Hospital;

- the facility has not had hot water;

- certain bathrooms are still not working properly;

- food is being brought in from the outside; and
- patients and staff members have fallen ill during or immediately after the water crisis.

Defendants have not been transparent about the conditions at the hospital. Plaintiffs have not received any information about the water test results (or any other confirmation that the water is safe and potable) or an explanation of the current conditions. And Defendants have not responded to an offer from Plaintiffs' counsel (made on October 24) to discuss the situation.

While counsel have been able to obtain some information about current conditions from the Plaintiffs, there remain fundamental questions about whether the facility is operating safely and providing appropriate care. The answers to all of these questions (which are the subject of the limited discovery request) are exclusively in Defendants' custody and control. The continuing disruptions in water service suggest that Defendants have a chronic problem which they have not remedied, and which therefore continues to expose patients to immediate and irreparable harm. Plaintiffs seek expedited discovery in the form of limited requests for production and a Federal Rule of Civil Procedure 30(b)(6) deposition to ascertain the severity and on-going nature of the problem, so as to determine whether emergency injunctive relief is necessary to address continuing unsafe and unconstitutional conditions at Saint Elizabeths and prevent irreparable harm to Plaintiffs.

**ARGUMENT**

Fed. R. Civ. P. 26(d)(1) provides that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Plaintiffs seek an order authorizing them to seek immediate discovery from Defendants to identify the current conditions and how they are impacting patient care.

While expedited discovery is not the norm, the Court has discretion to allow it in appropriate cases, where good cause is shown. *Atkinson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015). "An inexhaustive set of guidelines for the reasonableness inquiry, regarding a request for expedited discovery before an initial scheduling conference, includes: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 81 (D.D.C. 2018). "Courts are not limited to these factors, but the factors provide guidelines for the exercise of the Court's discretion." *Attkisson*, 113 F. Supp. 3d at 162.

Here, the factors support granting the proposed discovery.

<u>Factors 1 and 3</u>.  *Purpose for Requesting Expedited Discovery and Pendency of a Motion for Preliminary Injunction*: The Plaintiffs are requesting expedited discovery to determine the current conditions at the facility and whether they warrant emergency injunctive relief.  Prior to the restoration of the water supply, the conditions at Saint Elizabeths Hospital were dire.  Toilets were overflowing and the stench in the hospital was "disgusting, pungent, sour, and strong." Compl. ¶¶ 54-60.  Showers were outdoors and limited. Compl. ¶¶ 61-71.  Patients could not wash their hands or brush their teeth.  Compl. ¶¶ 72-76.  And patients at the hospital could not access the mental health treatment for which they were sent to the hospital.  Compl. ¶¶ 39-52. Since Defendants reported that water was restored on October 23, there have been reports of intermittent outages, as well as information that is inconsistent with restoration of safe and healthy operating conditions, including the ongoing instruction to patients to use bottled water, importing of food from outside the facility, the lack of hot water, and continued unsanitary

conditions of bathrooms. Similar conditions indisputably impacted patient care during the prior shutoff to the detriment of the Plaintiffs and other patients at the facility; the discovery is targeted at ascertaining the precise conditions at the facility and identifying any ongoing issues with patient care.

The discovery sought (set out on Appendix A) will provide Plaintiffs critical information, which they cannot obtain because it is in Defendants' custody and control, to assess whether emergency injunctive relief is required. Granting leave to conduct this limited discovery *before* Plaintiffs decide whether or not they need to seek a preliminary injunction will promote the efficient use of this Court's and Defendants' resources.

Factor 2. *Breadth of Discovery Requests*: The requests here are narrow and tailored to discovering accurate information about conditions and the status of patient care at the hospital following the restoration of running water. Plaintiffs are requesting one 30(b)(6) deposition of no more than four hours in length, and targeted requests for production, seeking materials that the Defendants should have readily available, such as copies of the test results, internal reports concerning operating conditions since the water was restored, and emergency water protocols and procedures. The proposed discovery is set forth in Appendix A.

4. *Burden on Defendants*: The burden of complying with the requests is low. Plaintiffs are seeking one 30(b)(6) deposition of no more than four hours in length, and document requests for materials that Defendants should have readily available, such as the test results and reports of operating conditions. "When the burden is low, such as responding to only one or a few discovery requests, then this factor supports granting the motion for expedited discovery." *Atkinson*, 113 F. Supp. 3d at 165.

5.  *How Far in Advance of Discovery*: Although this request is being made at the outset of the case, that factor should not weigh heavily against granting it, because of the serious concerns, described above, regarding the current state of health, safety, and treatment at Saint Elizabeths Hospital.

## CONCLUSION

For the reasons given above, the motion should be granted. The topics for the notice of deposition and the requests for production that Plaintiffs wish to be authorized to serve are appended hereto.

Dated:   November 5, 2019                          Respectfully submitted,

/s/ John A. Freedman
John A. Freedman (D.C. Bar No. 453075)
Tirzah S. Lollar (D.C. Bar No. 497295)
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Tel.: (202) 942-5000
Fax: (202) 942-5999
John.Freedman@aporter.com
Tirzah.Lollar@arnoldporter.com

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
Michael Perloff (D.C. Bar No. 1601047)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org
mperloff@acludc.org

Kaitlin Banner (D.C. Bar No. 1000436)
Margaret Hart (D.C. Bar No. 1030528 )
Hannah Lieberman (D.C. Bar No. 336776 )

Jonathan Smith (D.C. Bar No. 396578 )
Maria Morris*
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
700 14th Street, NW, Suite 400
Washington, DC 20005
Phone: (202) 319-1000
Fax: (202) 319-1010
Kaitlin_banner@washlaw.org
margaret_hart@washlaw.org
hannah_lieberman@washlaw.org
jonathan_smith@washlaw.org
maria_morris@washlaw.org

# APPENDIX A
# DISCOVERY SOUGHT

1. 30(b)(6) Deposition Topics
   - emergency water protocols/procedures
   - water testing and results leading to the September 26 shutoff
   - water testing and results since September 26
   - hygienic conditions and the provision of psychiatric and mental health care since October 23
   - remediation efforts since October 23 to restore hygienic conditions and the provision of psychiatric and mental health care
   - water shutoffs since October 23

2. Requests for Production of Documents
   - water testing results since September 1
   - reports concerning facility conditions since October 23
   - reports concerning provision of psychiatric and mental health care since October 23
   - a copy of any emergency water protocol or procedures in effect since September 1

## CERTIFICATE OF SERVICE

      I hereby certify that on this November 5, 2019, a copy of the foregoing Emergency Motion for Leave to Conduct Limited Expedited Discovery for the Purpose of Determining Status of Conditions and Impact on Patient Care was served via email and first-class mail on the following parties:

BARBARA J. BAZRON
Department of Behavioral Health
64 New York Avenue, NE - 3rd Floor
Washington, DC 20002

MARK J. CHASTANG
Saint Elizabeths Hospital
1100 Alabama Avenue, SE
Washington, DC 20032

DISTRICT OF COLUMBIA
c/o Attorney General of the District of Columbia
441 4th Street, NW
Washington, DC 20001

                                            */s/ John A. Freedman*
                                            John A. Freedman