**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENZO COSTA, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    *Defendants*. | Case No.  1:19-cv-3185 (RDM) |

**PLAINTIFFS' MOTION FOR AN EMERGENCY HEARING**
**AND LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs Enzo Costa, Vinita Smith, William Dunbar, and Stefon Kirkpatrick (collectively, "Plaintiffs"), by and through counsel, and pursuant to Rules 15(a)(2) of the Federal Rules of Civil Procedure, hereby move for leave to amend their complaint.  The proposed amendment will add allegations regarding Defendants' response to the COVID-19 pandemic, which is the third time in recent years that Defendants have mismanaged a major public health issue at Saint Elizabeths Hospital, endangering patient safety and care.  This time, patients are dying.

Plaintiffs also request an emergency hearing under Local Rules 65 and 78.1 to discuss steps that may be taken in furtherance of emergency injunctive relief.

Defendants oppose Plaintiffs' requests for leave to amend and for an emergency hearing.

**RELEVANT BACKGROUND**

1.      On October 23, 2019, Plaintiffs filed their class action complaint against Defendants seeking injunctive and declaratory relief pertaining Defendants' failure to provide patients at Saint Elizabeths Hospital with sufficient medical and/or mental health care during a

public health emergency arising from an extended water outage at Saint Elizabeths. (ECF 1). The putative class was defined as "all current and future Saint Elizabeths Hospital patients." Plaintiffs' Motion for Class Certification at 1. (ECF 30).

2. Defendants filed a motion to dismiss on December 16, 2019 asserting *inter alia*, Plaintiffs claims were purportedly moot. (ECF 21). On January 10, 2020, the Court issued a minute order that Plaintiffs' response brief will be due fourteen days after Defendants complete jurisdictional discovery (ECF 23) and on January 22, 2020, the Court entered a minute entry partially granting Plaintiffs' motion for jurisdictional discovery. (*See* ECF 33). As of this filing, Defendants have not yet produced the requested jurisdictional discovery, and Plaintiffs are not yet obligated to file — and have not filed — a response to Defendants' motion to dismiss. No scheduling order has been entered in this case.

3. On March 13 and 17, Plaintiffs wrote to Defendants inquiring about Defendants' plans and preparations for the COVID-19, including a specific request that Defendants evaluate every patient for community placement. Defendant Barzon responded on March 18 representing that Saint Elizabeths had activated its "Emergency Preparedness Plan" and was taking steps to improve hygiene. Defendant Barzon also reported that "no cases of COVID-19 have been detected among patients or staff."

4. Following public reports on April 1 that a patient and five staff members at Saint Elizabeths had tested positive for COVID-19, Plaintiffs sent a follow-up letter to Defendants requesting an update and specific information how Defendants were addressing the pandemic, and reiterating the request that Defendants evaluate every patient for community placement and take aggressive steps to protect patients who remain in the Hospital. On April 9, Plaintiffs sent a follow-

up letter noting that one of the named plaintiffs had complained of symptoms consistent with COVID-19 infection and had been denied testing and was not medically isolated.

5.  The latest public reports indicate that Defendants' efforts to protect the patients and staff at the Hospital have been an abject failure — primarily because of their failure to implement CDC Guidance regarding testing of symptomatic individuals, medical isolation of symptomatic individuals, quarantine of persons who test positive for COVID-19, and transfer of suspected or known cases of COVID-19 to other facilities if "the facility cannot fully implement all recommended precautions" — and that this has needlessly endangered patients and staff at the facility and undermined their medical care.  Specifically, as of April 13, Defendants reported that 28 patients and 43 staff had tested positive for COVID-19, and that 105 patients were in either isolation or quarantine.  And tragically, four patients have died.

6.  Plaintiffs now file this motion (i) seeking an emergency hearing to discuss the need for and timing of Plaintiffs' request for emergency injunctive relief and (ii) for leave to file an Amended Complaint to add claims relating to Defendants' ongoing failure to provide patients at Saint Elizabeths with sufficient medical and/or mental health care in the face of the ongoing COVID-19 pandemic.

**ARGUMENT**

7.  Given the rapidly deteriorating situation at Saint Elizabeths, Plaintiffs request an emergency hearing to discuss (i) the timing of a request for emergency injunctive relief, and (ii) Defendants' production of basic information requested in the April 1 and April 9 letters that will inform the request for injunctive relief.

8.  According to the information available to Plaintiffs and their experts, Defendants appear not to be following authoritative public health guidance regarding testing patients or staff,

medical isolation of symptomatic individuals, quarantine or transfer procedures for individuals who have tested positive for or are suspected of having COVID-19, or social distancing procedures to prevent further spread of the virus. The situation at the Hospital is compounded by significant staffing shortages, which have both impeded the Hospital's ability to protect patients and staff and interrupted patient care.

9. Plaintiffs are preparing a motion for emergency injunctive relief, but have been hampered by the Defendants' failure, to date, to respond to basic inquiries raised on April 1 and April 9 regarding the measures they are taking to protect patients and staff.

10. Plaintiffs are available to discuss these matters with the Court at the Court's earliest convenience.

11. Plaintiffs' request to amend their Complaint to add additional factual allegations pertaining to Defendants' failure to provide sufficient medical and/or mental health care to Saint Elizabeths patients during the ongoing COVID-19 pandemic should be permitted under Federal Rule of Civil Procedure 15(a). *See Powell v. I.R.S.*, 263 F. Supp. 3d 5, 7 (D.D.C. 2017) ("An addition to pleadings may either be an 'amendment' under Rule 15(a) or a 'supplemental pleading' under Rule 15(d).'") (quoting *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (internal quotation marks omitted)).

12. Rule 15(a)(2) instructs district courts to "freely give leave [to amend a pleading] when justice so requires," and "the rule is to be construed liberally." *In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010). Although the Court has "sole discretion to grant or deny leave to amend, leave to amend a pleading should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Turan Petroleum, Inc. v. Ministry of Oil and Gas of Kazakhstan*, 406 F.

Supp. 3d 1, 8 (D.D.C. 2019) (quoting *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (internal quotation marks omitted)).

13. Plaintiffs have timely brought this motion seeking leave to amend or supplement their Complaint to add factual allegations pertaining to Defendants' deficient response to a third public health crisis — the ongoing global coronavirus (COVID-19) pandemic. COVID-19 continues to spread rapidly throughout the United States, and reporting from just this past week suggests that the District of Columbia metropolitan area could soon become one of the country's next "hot spots" in terms of total confirmed cases of the virus.[1]  Indeed, with the District's own Human Services Agency reporting daily increases of confirmed COVID-19 cases amongst Saint Elizabeths' staff and patients alike — with new cases reported as recently as April 13, 2020, the last date for which data is available as of this filing[2] — Plaintiffs' proposed amendments could hardly be more timely.

14. Moreover, the proposed Amended Complaint will not prejudice the Defendants because it does not "substantially change[] the theory on which the case has been proceeding," nor will it require Defendants to "engage in significant new preparation." *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006).  Plaintiffs continue to assert the same theory that Defendants' response to public health crises has resulted in inadequate medical and mental health care, and the litigation has not advanced beyond jurisdictional discovery relevant to Defendants' motion to dismiss—indeed, Defendants have not yet even responded to that discovery.  To the extent Defendants dispute the proposed new COVID-19-related allegations, that is a merits question for a later stage.

---

[1] *See* Colleen Grablick, *'About Two Weeks Behind New York': D.C. Is On Track To Become A Coronavirus Hotspot*, NPR (Apr. 8, 2020), https://www.npr.org/local/305/2020/04/08/829844443/about-two-weeks-behind-new-york-d-c-is-on-track-to-become-a-coronavirus-hotspot.

[2] D.C. Human Servs. Agency, https://coronavirus.dc.gov/page/human-services-agency-covid-19-case-data (last accessed Apr. 14, 2020).

*See Townsend v. United States*, 282 F. Supp. 3d 118, 124 (D.D.C. 2017) ("'If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

15. Finally, Plaintiffs' requested amendments would not be "futile." *See Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012). If true, Plaintiffs' proposed new allegations clearly support Plaintiffs' claims for injunctive relief based on Defendants' deliberately indifferent failure to respond appropriately to significant public health issues, including the failure to provide adequate medical and mental health care at Saint Elizabeths. To the extent Defendants argue that Plaintiffs' requested amendments are futile because the proposed new claims lack merit, an opposition to the proposed amendments themselves is not the proper vehicle for such a challenge. *See Townsend*, 282 F. Supp. 3d at 128.

16. In sum, the Court should allow Plaintiffs leave to file their Amended Complaint because there has not been undue delay or a lack of diligence, Defendants would not be prejudiced, and the amendments sought would not be futile.

17. Pursuant to Local Civil Rule 7(m), counsel for Plaintiffs made a good faith effort to resolve this non-dispositive motion with opposing counsel. Defendants oppose the request to amend and for an emergency hearing.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion for Leave to File the attached Amended Complaint and schedule an emergency hearing at the Court's earliest convenience.

A copy of the proposed First Amended Class Action Complaint, a redline, and a proposed Order are attached hereto.

Dated: April 16, 2020

                Respectfully submitted,

                /s/ John A. Freedman
                John A. Freedman (D.C. Bar No. 453075)
                Tirzah S. Lollar (D.C. Bar No. 497295)
                Brian A. Vaca (D.C. Bar No. 888324978)
                ARNOLD & PORTER KAYE SCHOLER LLP
                601 Massachusetts Avenue, N.W.
                Washington, D.C. 20004
                (202) 942-5000
                John.Freedman@arnoldporter.com
                Tirzah.Lollar@arnoldporter.com
                Brian.Vaca@arnoldporter.com

                Kaitlin Banner (D.C. Bar No. 1000436)
                Margaret Hart (D.C. Bar No. 1030528 )
                Hannah Lieberman (D.C. Bar No. 336776 )
                Jonathan Smith (D.C. Bar No. 396578 )
                WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS
                700 14th Street, NW, Suite 400
                Washington, DC 20005
                Phone: (202) 319-1000
                Fax: (202) 319-1010
                kaitlin_banner@washlaw.org
                margaret_hart@washlaw.org
                hannah_lieberman@washlaw.org
                jonathan_smith@washlaw.org

                Scott Michelman (D.C. Bar No. 1006945)
                Arthur B. Spitzer (D.C. Bar No. 235960)
                Michael Perloff (D.C. Bar No. 1601047)
                AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
                915 15th Street NW, Second Floor
                Washington, D.C. 20005
                (202) 457-0800
                smichelman@acludc.org
                aspitzer@acludc.org
                mperloff@acludc.org