**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENZO COSTA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BARBARA J. BAZRON, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-3185 (RDM) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiffs' emergency motion for leave to file an amended complaint. Dkt. 36. Defendants oppose this motion. For the reasons explained below, the Court will grant Plaintiffs' motion.

### I.  BACKGROUND

Plaintiffs, Enzo Costa, Vinitia Smith, and William Dunbar, are three patients who are indefinitely and involuntarily civilly committed to the District's care and housed at Saint Elizabeths Hospital. Dkt. 36-1 at 6–7 (Am. Compl. ¶¶ 19–22). Plaintiffs originally brought this putative class action in October 2019, asserting due process and Americans with Disability Act ("ADA"), 42 U.S.C. §12131 *et seq.*, claims relating to a September 2019 water outage at Saint Elizabeths that interrupted plaintiffs' recommended therapy and subjected them to allegedly unhealthy conditions for a period of 28 days. Dkt. 1. After Defendants moved to dismiss the complaint on mootness and standing grounds, Dkt. 21, the Court granted Plaintiffs the opportunity to conduct jurisdictional discovery and held that motion in abeyance until the completion of that discovery, *see* Minute Entry (Jan. 22, 2020); Minute Order (Jan. 10, 2020). Jurisdictional discovery is not yet complete. *See* Dkt. 36 at 2.

On April 16, 2020, Plaintiffs filed an emergency motion seeking leave to amend their complaint to add allegations regarding the ongoing COVID-19 crisis at Saint Elizabeths.  *See id.* at 3–4 (Proposed Am. Compl. ¶¶ 3–7); Dkt. 36 at 1.  The proposed amended complaint alleges that, like Defendants' response to the water outage, they have fallen short of their obligation to ensure that Plaintiffs and other patients at the hospital continue to receive mental health treatment and are held in humane conditions.  Dkt. 36-1.  Defendants oppose the motion.  Dkt. 40.

## II.  ANALYSIS

Although Plaintiffs seek leave to amend their complaint under Rule 15(a)(2), Dkt. 36, the Court will construe the pleading as a motion to file a supplemental complaint pursuant to Rule 15(d), *see Hall v. C.I.A.*, 437 F.3d 94, 100 (D.C. Cir. 2006) (new allegations relating to matters that occurred prior to the filing of the original pleading constitute amendments, whereas new allegations relating to matters that occurred after filing constitute supplements).  This difference is immaterial, however, because "[m]otions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are," in the main, "subject to the same standard."  *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008); *cf. Clean Water Action v. Pruitt*, 315 F. Supp. 3d 72, 79 (D.D.C. 2018) (observing that, although the Rule 15(d) and Rule 15(a)(2) standards overlap, they are not identical, but not proceeding to analyze "the precise differences between the two standards" because the case fell within the overlap).

Under Rule 15(d), a "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  The decision to grant a motion for leave to file a supplemental pleading is "within the discretion of the district court," *Xingru Lin v. District*

*of Columbia*, 319 F.R.D. 1, 1 (D.D.C. 2016), and should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action," *Hall*, 437 F.3d at 101. "In the last analysis, a district court faced with a Rule 15(d) motion must weigh the totality of the circumstances, just as it would under Rule 15(a)." *States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015).

Here, Plaintiffs seek to add allegations and claims arising from Defendants' response to the ongoing COVID-19 pandemic. Because this case is still at an early stage, Plaintiffs' new claims raise pressing issues relating to health and safety, and Plaintiffs' original claims and those that they seek to add all challenge the Hospital's failure to protect the well-being of its patients in response to public health crises, the Court concludes that "the totality of the circumstances" tip decidedly in favor of permitting supplementation of the complaint.

Most importantly, because the proposed supplemental pleading pertains to exigent and potentially life-threatening circumstances, Plaintiffs—and not Defendants—would be prejudiced, in a very real way, if the Court were to reject their motion. Were the Court to deny the motion, Plaintiffs would be required to file a new complaint and would then have to wait as the new case is assigned, the new judge becomes familiar with the case, and a new briefing schedule is set. In ordinary circumstances, that lost time might be insignificant; but here, where time is of the essence, it imposes a significant cost. In general, courts must construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Court must also, in general, provide litigants with "every opportunity to join in one lawsuit all grievances against another party regardless of when they arose." Wright & Miller, Federal Practice & Procedure § 1506 (3d ed.). Here, the

interest in efficiency goes beyond conserving judicial resources and promoting fairness; it is necessary to protect the very safety and health interests the suit seeks to vindicate.

None of Defendants arguments in opposition is persuasive. First, they contend that the new allegations "radically alter the scope and nature of the case" and, in support, point to *Pinson v. Dep't of Justice*, 246 F. Supp. 3d 211 (D.D.C. 2017). But *Pinson* involved a very different scenario. There, after four years of litigation, the plaintiff sought to add claims against new defendants for a different type of injury that was unconnected to the existing claims. *See id.* at 231. Here, Plaintiffs' proposed supplemental complaint involves the same parties, the same legal claims, the same general types of relief sought, and similar types of alleged injuries. Of course, claims raised in a supplemental pleading should generally relate to the original complaint, and, if the supplemental pleading raises new claims, that is a factor that the Court should consider along with all other relevant factors. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988) (quoting 3 J. Moore, *Moore's Federal Practice* para. 15.16[3] (1985)). But here, this factor is, at best, neutral. Although Plaintiffs' new claims arise from distinct factual premises, they are connected to the original claims by a common thread—both arise from Defendants' alleged failure to plan and adequately to respond to events that endanger Plaintiffs' safety and well-being while held at the Hospital.

Defendants reliance on *Caton v. Barry*, 500 F. Supp. 45 (D.D.C. 1980), is also misplaced. In *Canton*, the motion to amend was filed after the court had already "fully resolved" the original claims. *Id.* at 54. Here, in contrast, the proceeding has not advanced beyond the pleading stage. *Cf. AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) ("In determining what constitutes 'prejudice,' courts consider whether the assertion of the new claim would, among other things, require defendant to expend significant additional resources to

conduct discovery and prepare for trial or significantly delay the resolution of the dispute."). As Plaintiffs correctly note, *see* Dkt. 41 at 4–5, litigating COVID-19-related issues in this suit would not be more burdensome, and might be less burdensome, than litigating the same issues in a separate case.  Nor did Plaintiffs delay in filing their emergency motion for leave to amend; they sought leave to amend within days of learning about Defendants' allegedly deficient COVID-19 response.  Even assuming that Defendants would suffer some prejudice from granting the motion, moreover, any such prejudice is more than offset by Plaintiffs' substantial interest in the expeditious adjudication of their motion for a preliminary injunction.  Finally, Defendants suggest that the motion should be denied because the underlying suit is meritless.  *See* Dkt. 40 at 7.  Jurisdictional discovery is not yet complete with respect to those claims, however, and it is premature to ask the Court to pass on a question that remains subject to discovery and briefing.  Even if the original water outage claims may not succeed, moreover, that is no reason to "needlessly remit[] [Plaintiffs] to the difficulties of commencing a new action."  Fed. R. Civ. P. 15(d), advisory committee note of 1963.

## CONCLUSION

For the reasons explained above, it is hereby **ORDERED** that Plaintiffs' motion to supplement their complaint, Dkt. 36, is **GRANTED**, and Plaintiffs' supplemental pleading, Dkt. 36-1, is deemed filed.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 22, 2020