# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENZO COSTA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BARBARA J. BAZRON, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-3185 (RDM) |

## ORDER

For reasons set forth in the accompanying Memorandum Opinion, Dkt. 59, the Court concludes that Plaintiffs have established that they are entitled to emergency injunctive relief. Accordingly, it is hereby **ORDERED** that Plaintiffs' motion for a temporary restraining order, Dkt. 39, is **GRANTED** in part and **DEFERRED** in part.  It is further **ORDERED** that:

1. Exposed Patients.  To the extent medically and psychiatrically practicable, Defendants shall isolate individuals who have been exposed to COVID-19 in individual quarantine spaces and shall minimize movement outside of the isolation space.  When it is necessary for isolated individuals to leave their rooms, Defendants shall require (to the extent possible and consistent medically and psychiatrically practicable) that the isolated patient wear a medically suitable mask.  Likewise, when it is necessary for another person to enter a room occupied by an isolated patient, that person shall (to the extent medically and psychiatrically practicable) wear suitable protective equipment, including a medically suitable mask.  The parties shall meet and confer and submit to the Court a joint status report on or before April 28 at 2:00 pm setting forth their respective positions about when to discontinue isolation of exposed persons.  In any event, isolation of a patient who has

been exposed to COIVD-19 may discontinued after the patient receives two negative tests at least 24 hours apart or if the patient is not symptomatic for 14 days.

2. Symptomatic Patients.  Defendants shall conduct clinical evaluations prior to releasing patients suspected of having COVID-19 (*i.e.*, symptomatic patients) from isolation, and, if "a higher clinical suspicion" for COVID-19 exists, Defendants shall administer test-based criteria of two negative tests, at least 24 hours apart, prior to discontinuing isolation.  In determining whether the patient presents a higher clinical suspicion for COVID-19, Hospital staff shall consider the prevalence of the virus among patients and staff at the Hospital, among other factors.  If testing is not readily feasible, Defendants shall administer the CDC recommended non-test-based strategy.

3. Reporting.  Defendants shall provide the Court and Plaintiffs' counsel with reports twice a week, commencing on Tuesday, April 28, 2020 and Friday, May 1, 2020, detailing their efforts to comply with this Order.  The report should identify every symptomatic patient removed from isolation and the basis for the decision to remove that individual from isolation and shall indicate the number of exposed patients subject to isolation.

4. Expiration.  This Order shall expire at 11:59 pm on May 8, 2020, unless extended for good cause before that time.

5. Security.  The Court finds that the posting a bond is not required given the nature of the relief ordered herein.

6. Persons and Entities Bound.  This Order is binding on Defendants, their officers, agents, servants, employees, and attorneys, and on other persons acting in concert with them.

   **SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 25, 2020