UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENZO COSTA, *et al.*,<br><br>    Plaintiffs,<br> v.<br><br>BARBARA BAZRON, *et al.*,<br><br>    Defendants. | Civil Action No. 19-3185 (RDM) |

## JOINT STATUS REPORT

  Pursuant to the Court's Temporary Restraining Order [60], the Parties submit this joint status report.

  The Parties conferred by email to discuss their respective positions on when to discontinue isolation of patients exposed to COVID-19. Defendants stated that Saint Elizabeths currently treats all non-COVID-positive and non-PUI units as "quarantine" units, meaning that the Hospital takes precautions on those units consistent with the assumption that all patients residing there may have been exposed to COVID-19. These precautions include, among other things, minimizing time outside of individual rooms, instructing all patients to wear face masks outside of their rooms, prohibiting patients from entering each other's rooms, ensuring social distancing when patients are in the common areas, additional cleaning and disinfecting of high-touch surfaces, and requiring appropriate PPE for staff. Because this is the baseline for all units, the Hospital does not intend to discontinue anyone from that level of isolation and does not intend at this time to change the policy.

Except where noted below, the Parties agree that the above-described process is acceptable.

## PLAINTIFFS' POSITION

The quarantine procedures described above are acceptable to the Plaintiffs with the exception of the following:

First, Plaintiffs are concerned that under the quarantine plan, staff are moving between units under quarantine, increasing the risk that they will carry the virus between units.  Staff should be dedicated to units with exposed patients to the extent possible.  *See* Stern Decl. ¶9 (ECF 46-2).

Second, Plaintiffs believe that if the Hospital-wide quarantine is ended for individuals or for participants units, Defendants should notify the Court and plaintiffs at least five days in advance so the parties can agree on a process that comports with CDC guidelines and expert recommendations.

Third, Plaintiffs are concerned that an open-ended policy of isolating all patients raises significant concerns for patients' mental health.  As Defendants stated during the April 22, 2020 hearing, quarantine and isolation may have a detrimental impact on mental health. Plaintiffs have raised genuine issues related to the provision of mental health services during the COVID-19 pandemic. While these matters were not the subject of the emergency injunctive relief that the Court has entered, they are urgent mattes related to the mental health of Plaintiffs and other patients at the Hospital that warrant the Court's prompt attention.  Given that there is no end date for the quarantine of all individuals at St. Elizabeths, and for the other

reasons stated in the April 27 Joint Status Report (ECF No. 61), Plaintiffs request that the Court appoint an expert fact finder to report on the adequacy if mental health care.

## DEFENDANTS' POSITION

Consistent with CDC guidelines, Saint Elizabeths assigns dedicated staff, each shift, to each unit housing either COVID-positive or symptomatic patients. *See* ECF No. 54-1 at 9-10. Staff assigned to any such unit do not travel to other units unless absolutely necessary, and wear appropriate PPE to protect against any cross unit contamination. Only when necessary, the Hospital permits staff from asymptomatic units to travel to other asymptomatic units, which is consistent with CDC guidelines.

Defendants submit that given the Hospital's universal implementation of quarantine procedures, the standards for discharging patients from quarantine are not relevant for any proposed emergency relief. Defendants are willing to discuss with plaintiffs the Hospital's plan for ending its universal quarantine procedures described above, but Defendants do not agree to any formal consultation process involving plaintiffs, nor is Court intervention necessary.

To the extent plaintiffs raise other issues, those issues are beyond the scope of the Court's TRO.

Dated: April 28, 2020.

Respectfully submitted,

| | |
|---|---|
| KARL A. RACINE<br>Attorney General for the District of Columbia<br><br>TONI MICHELLE JACKSON<br>Deputy Attorney General Public Interest Division<br><br>/s/ Fernando Amarillas<br>FERNANDO AMARILLAS [974858]<br>Chief, Equity Section<br><br>/s/ Micah Bluming<br>MICAH BLUMING [1618961]<br>HONEY MORTON [1019878]<br>Assistant Attorneys General<br>ROBERT A. DEBERARDINIS JR. [335976]<br>Senior Assistant Attorney General<br>441 Fourth Street, N.W., Suite 630 South Washington, D.C. 20001<br>(202) 724-7272<br>(202) 730-1833 (fax)<br>micah.bluming@dc.gov<br>honey.morton@dc.gov<br>robert.deberardinis@dc.gov<br><br>Counsel for Defendants | /s/ John A. Freedman<br>John A. Freedman (D.C. Bar No. 453075)<br>Tirzah S. Lollar (D.C. Bar No. 497295)<br>ARNOLD & PORTER LLP<br>601 Massachusetts Ave., NW<br>Washington, D.C. 20001<br>Tel.: (202) 942-5000<br>Fax: (202) 942-5999<br>John.Freedman@aporter.com<br>Tirzah.Lollar@arnoldporter.com<br><br>Kaitlin Banner (D.C. Bar No. 1000436)<br>Margaret Hart (D.C. Bar No. 1030528)<br>Hannah Lieberman (D.C. Bar No. 336776)<br>Jonathan Smith (D.C. Bar No. 396578)<br>WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS<br>700 14th Street, NW, Suite 400<br>Washington, DC 20005<br>Phone: (202) 319-1000<br>Fax: (202) 319-1010<br>Kaitlin_banner@washlaw.org<br>margaret_hart@washlaw.org<br>hannah_lieberman@washlaw.org<br>jonathan_smith@washlaw.org<br>maria_morris@washlaw.org<br><br>Arthur B. Spitzer (D.C. Bar No. 235960)<br>Scott Michelman (D.C. Bar No. 1006945)<br>Michael Perloff (D.C. Bar No. 1601047)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA<br>915 15th Street NW, Second Floor<br>Washington, D.C. 20005<br>(202) 457-0800<br>aspitzer@acludc.org<br>smichelman@acludc.org |

mperloff@acludc.org

Counsel for Plaintiffs