**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENZO COSTA, *et al.*,<br>*Plaintiffs*,<br>v.<br>BARBARA J. BAZRON, *et al.*,<br>*Defendants*. | Civil Action No. 19-3185 (RDM) |

**ORDER**

The Court hereby appoints Dr. Ronald Waldman, Joan Hebden, and Dr. Patrick Canavan as *amici curiae* to provide information to the Court. The specific information that the Court seeks from *amici* is listed in **Attachment A** to this Order. It is further **ORDERED** that:

1. Reports. *Amici* shall provide an oral report with preliminary factual findings and recommendations on or before May 7, 2020 and shall provide a written report by May 11, 2020.
2. Inspections. *Amici* shall be able to enter Saint Elizabeths Hospital to conduct unannounced inspections of the facilities. Sufficient inspections should be conducted to allow *amici* to make an oral report of their findings and recommendations on or before May 7, 2020. When possible, inspections should be made using existing video camera monitors. When Hospital staff concludes that safety considerations require that *amici* be escorted to inspect units, non-management personnel may escort *amici* to the unit to be inspected.
3. Inspection Precautions. Inspections shall be comprehensive but are to be conducted non-obtrusively and with sensitivity and every effort to minimize impact on patient

care and every effort to avoid the risk of COVID-19 transmission. *Amici* shall take all precautions, including, without limitation, exercising social distancing at all times; limiting the number of units visited (and using existing video camera monitoring where possible); limiting the number of *amici* participating in each visit to no more than two individuals; changing personal protective equipment ("PPE"), as appropriate, between units; taking the temperature of the *amici* each day a visit is scheduled and otherwise ensuring that *amici* do not have COVID-19; and inspecting units without known or suspected cases of COVID-19 before inspecting units with known or suspected cases of COVID-19. In addition, as an expert on the spread of infectious diseases, Ms. Hebden shall direct that all *amici* who visit the Hospital take any other steps that she deems prudent to protect their safety and the safety of the patients and staff at the Hospital.

4. Personal Protective Equipment. Defendants shall provide *amici* with a sufficient supply of full PPE to conduct their inspections in a manner that protects the safety of *amici* and the patients and staff at the Hospital.

5. Documentation. *Amici* may take appropriate documentation but shall not photograph or record patients. Any private patient information collected *amici* will be subject to a protective order agreed upon by the Parties.

6. Interviews. *Amici* shall be permitted to speak with staff and patients in confidence and outside the presence of supervisors and staff. (Social distancing shall be maintained at all times, and, where possible, interviews shall be conducted by telephone or video conference.) To reduce the impact of onsite inspections, *amici* shall not conduct prolonged staff interviews during inspections. Defendants shall

make all appropriate Department of Behavioral Health and Saint Elizabeths managers and staff available for telephonic interviews.

7. Records Inspection. Defendants shall preserve all pertinent documents and shall provide *amici* access to any records *amici* deem necessary to the factfinding process, subject to a forthcoming protective order to which the Parties shall jointly stipulate, and to which *amici* will agree to be bound.

8. Payment. Based on the parties' consent, all *amici*-related fees and costs shall be split evenly between the parties.

9. Notification. The parties shall promptly bring to the Court's attention any concerns relating to health and safety posed by the implementation of this Order.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 1, 2020