UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENZO COSTA, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>BARBARA BAZRON, *et al.*,<br><br>                Defendants. | Civil Action No. 19-3185 (RDM) |

## ORDER

Upon consideration of the Parties' May 8, 2020 Joint Status Report [74], the oral and written reports by the Court-appointed *amici curiae*, and the entire record, the Court finds on this _____ day of _____, 2020, as follows:

As the District explained in its portion of the Parties' May 8, 2020 Joint Status Report [74], the oral report presented by the Court-appointed *amici curiae* on May 7, 2020 has established there is no factual or a legal basis for emergency relief. The *amici*'s oral report—now memorialized in their written reports—resolved the factual disputes between the Parties and reveals that Saint Elizabeths has been working diligently to protect patients and provide care amid the COVID-19 pandemic. The Hospital's practices and protocols on infection control have been and continue to be in line with sound professional judgment. This is true of the Hospital's practices of, among other things, cohorting and quarantining, reducing new admissions, screening visitors, cleaning and sanitizing, enforcing mask wearing and social distancing, and mandating appropriate PPE for staff. Similarly, *amici* have reported that evaluation

of patients for community placement, appropriate discharge of patients where possible, mental health treatment, and regular care by clinical staff have continued during the pandemic despite some necessary modifications in the face of various limitations.

To extend or expand emergency relief in light of these findings would be unwarranted. The *amici*'s neutral factual findings reveal that no one at Saint Elizabeths has failed to exercise professional judgment in responding to the COVID-19 pandemic, let alone in a way that could have violated plaintiffs' due process rights. There is no evidence that any professional entrusted with plaintiffs' or any other patient's care made a decision that was "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such judgment." See *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982). *Amici*'s findings make equally clear that plaintiffs' claim under the Americans with Disabilities Act (ADA) has no basis given the extensive efforts the Hospital has made to evaluate patients for community placement and discharge when doing so is feasible and consistent with continued care. See *Brown v. District of Columbia*, 928 F.3d 1070, 1077 (D.C. Cir. 2019). Moreover, the *amici*'s findings do not even suggest that the District is somehow denying plaintiffs equal access to benefits offered to others in the community. See *Olmstead v. Zimring*, 527 U.S. 581, 603 n.14 (1999). This is especially true given that, as the Court has previously observed, no class has been certified. Plaintiffs have not

shown any basis for emergency relief as to themselves—let alone for relief to non-parties. No further intervention is warranted at this time.

For the foregoing reasons, the Court's April 25, 2020 Temporary Restraining Order (TRO) shall expire at 11:59 p.m. on May 11, 2020; and

Plaintiffs' request to extend or expand the TRO is **DENIED**.

**SO ORDERED**.

_____
THE HONORABLE RANDOLPH D. MOSS
Judge, United States District Court
    for the District of Columbia