UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENZO COSTA, *et al.*,

    *Plaintiffs*,

v.

BARBARA J. BAZRON, *et al.*,

    *Defendants*.

Civil Action No. 19-3185 (RDM)

## ORDER

For reasons set forth in the accompanying Memorandum Opinion, Dkt. 82, the Court concludes that good cause exists to extend and to expand the Temporary Restraining Order, Dkt. 60. Accordingly, it is hereby **ORDERED** that:

1. Exposed Patients. To the extent medically and psychiatrically practicable, Defendants shall isolate individuals who have been exposed to COVID-19 in individual quarantine spaces and shall minimize movement outside of the isolation space. When it is necessary for isolated individuals to leave their rooms, Defendants shall require (to the extent possible and consistent medically and psychiatrically practicable) that the isolated patient wear a medically suitable mask. Likewise, when it is necessary for another person to enter a room occupied by an isolated patient, that person shall (to the extent medically and psychiatrically practicable) wear suitable protective equipment, including a medically suitable mask. Isolation of a patient who has been exposed to COIVD-19 may discontinued after the patient receives two negative tests at least 24 hours apart or if the patient is not symptomatic for 14 days.

2. Symptomatic Patients.  Defendants shall conduct clinical evaluations prior to releasing patients suspected of having COVID-19 (*i.e.*, symptomatic patients) from isolation, and, if "a higher clinical suspicion" for COVID-19 exists, Defendants shall administer test-based criteria of two negative tests, at least 24 hours apart, prior to discontinuing isolation.  In determining whether the patient presents "a higher clinical suspicion for COVID-19, Hospital staff shall consider the prevalence of the virus among patients and staff at the Hospital, among other factors.  If testing is not readily feasible, Defendants shall administer the CDC recommended non-test-based strategy.

3. Staff Assignment Restrictions.  To the extent medically and psychiatrically practicable, health care personnel and other staff shall be assigned daily to only one unit.  If health care personnel work overtime, they should be assigned to the same unit they have been working on throughout the day.

4. Point prevalence surveys.  By May 15, 2020, Defendants shall complete a baseline point prevalence survey ("PPS") to determine the spread of COVID-19 among staff and, to the extent medically and psychiatrically possible, residents at Saint Elizabeths Hospital.  A single test for each staff member or patient is sufficient for purposes of the PPS.  If a health care personnel is found to be COVID positive, she must be excluded from the Hospital for 14 days and until she is found negative on two consecutive tests, at least 72 hours apart.  By May 22, 2020, Saint Elizabeths shall complete a second PPS.  Defendants shall provide updates to the Court and Plaintiffs' counsel regarding its efforts to complete point prevalent surveys on May 16, 2020, and May 23, 2020.

5. Data Management.  It is recommended that the D.C. Department of Health immediately assign a dedicated individual with appropriate epidemiological skills to oversee and be responsible for the collation and analysis of all testing data, and all data pertaining to

infection prevention and control policies and procedures. It is recommended that this individual work with on-site personnel already responsible for these functions and would, based on the data, advise Hospital administrators regarding any indicated changes in policy and other appropriate courses of action.

6. Reporting. Defendants shall provide the Court and Plaintiffs' counsel with reports twice a week, commencing on Tuesday, May 12, 2020 and Friday, May 15, 2020, detailing their efforts to comply with this Order. The report should identify every symptomatic patient removed from isolation and the basis for the decision to remove that individual from isolation and shall indicate the number of exposed patients subject to isolation.

7. Expiration. This Order shall expire at 11:59 pm on May 22, 2020.

8. Security. The Court finds that the posting a bond is not required given the nature of the relief ordered herein.

9. Persons and Entities Bound. This Order is binding on Defendants, their officers, agents, servants, employees, and attorneys, and on other persons acting in concert with them.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 11, 2020