**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENZO COSTA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BARBARA J. BAZRON, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-3185 (RDM) |

**ORDER**

For reasons set forth in the accompanying Memorandum Opinion, Dkt. 95, the Court concludes that Plaintiffs have established that they are entitled to some, but not all, of the preliminary relief they seek. Accordingly, it is hereby **ORDERED** that Plaintiffs' motion for a preliminary injunction, Dkt. 87, is **GRANTED** in part and **DENIED** in part. It is further **ORDERED** that:

1. Exposed Patients. To the extent medically and psychiatrically practicable, Defendants shall isolate individuals who have been exposed to COVID-19 in individual quarantine spaces and shall minimize movement outside of the isolation space. When it is necessary for isolated individuals to leave their rooms, Defendants shall require (to the extent possible and consistent medically and psychiatrically practicable) that the isolated patient wear a medically suitable mask. Likewise, when it is necessary for another person to enter a room occupied by an isolated patient, that person shall (to the extent medically and psychiatrically practicable) wear suitable protective equipment, including a medically suitable mask. Isolation of a patient who has been exposed to COIVD-19 may discontinued after the patient receives two negative tests at least 24 hours apart or if the

patient is not symptomatic for 14 days. Newly admitted patients who have tested negative and who do not demonstrate any symptoms shall be considered "exposed" and subject to the conditions set out in this paragraph.

2. Staff Assignment Restrictions. To the extent medically and psychiatrically practicable, health care personnel and other staff shall be assigned daily to only one unit. If health care personnel work overtime, they shall, if medically and psychiatrically practicable, be assigned to the same unit where they worked that day.

3. Point prevalent testing ("PPS"). To the extent they have not already done so, Defendants shall promptly complete the second point prevalence survey to determine the spread of COVID-19 among staff and, to the extent medically and psychiatrically practicable, residents at Saint Elizabeths Hospital. A single test for each staff member or patient is sufficient for purposes of the PPS. If a staff member is found to be COVID positive, the staff member must be excluded from the Hospital for 14 days and until the staff member tests negative for COVID-19 on two consecutive occasions, at least 72 hours apart. Following completion of the second PPS test, Saint Elizabeths shall complete an additional PPS every two weeks pending further order of the Court. Defendants shall provide updates to the Court and to Plaintiffs' counsel on the day following the completion of each further PPS. When Defendants conclude that further PPS testing is no longer warranted in light of improved conditions at the Hospital, they shall meet and confer with Plaintiffs and shall file a joint status report with the Court setting forth the parties' respective positions regarding the termination of this requirement.

4. Additional *Amici* Recommendations. In order to streamline further litigation in this a matter, Defendants shall file a status report on or before June 8, 2020, indicating whether they have considered implementing the recommendations set out by *amici* and detailing: (i) which, if any, recommendations they have adopted, (ii) a timeline for any

recommendations that they plan to adopt, (iii) which recommendations they have rejected and the grounds for rejecting them, and (iv) which, if any, recommendations they require additional time to consider.

5. Persons and Entities Bound.  This Order is binding on Defendants, their officers, agents, servants, employees, and attorneys, and on other persons acting in concert with them.

**SO ORDERED**.

      /s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 24, 2020