UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENZO COSTA, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>BARBARA BAZRON, *et al.*,<br><br>     Defendants. | Civil Action No. 19-3185 (RDM) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT AND REQUEST FOR A STATUS CONFERENCE

### INTRODUCTION

Over the past year, plaintiffs vociferously sought and then defended this Court's award of preliminary injunctive relief over defendants' objection and appeal. Now, after full appellate briefing, the scheduling of oral argument for May 13, and—just recently—announcement of the merits panel, plaintiffs have suddenly had a change of heart about the need for a preliminary injunction. They cite changed circumstances, which were known at the time they filed their appellate brief but prompted no change in their position then. This Court should reject plaintiffs' last-minute attempt to deprive defendants of the opportunity to have their appeal decided on the merits. This is especially so because plaintiffs are steadfastly refusing to afford the complete relief that defendants are seeking on appeal, and to which defendants would be entitled if they prevail.

To be sure, this Court may—and should—stay enforcement of the preliminary injunction until the appeal is resolved, since there is no dispute that such relief is appropriate and such a stay would be an appropriate exercise of the Court's authority under Federal Rule of Civil Procedure 62(d). But the question of whether to do more lies solely with the D.C. Circuit, as the merits of the preliminary injunction are properly before it and oral argument is two weeks away.

## DISCUSSION

### I. This Court's Jurisdiction Over The Preliminary Injunction Is Limited To Staying Its Enforcement Pending Appeal.

At the outset, defendants agree that this Court should stay further enforcement of the preliminary injunction given the parties' agreement that the injunction is no longer needed. Such a stay is an appropriate exercise of this Court's authority under Federal Rule of Civil Procedure 62(d). But this Court should not— and indeed cannot—dissolve the preliminary injunction, given that such power now lies with the D.C. Circuit alone.

When defendants filed their notice of appeal on June 22, 2020, jurisdiction over the preliminary injunction transferred to the D.C. Circuit. "The filing of a notice of appeal, including an interlocutory appeal, 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'" *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see Manrique v. United States*, 137 S. Ct. 1266, 1271 (2017) ("Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals.").

"The district court does not regain jurisdiction over those issues until the court of appeals issues its mandate." *DeFries*, 129 F.3d at 1302. As this Court has recognized, this rule "prevents that 'broad class of situations … in which district courts and courts of appeals would both have had the power to modify the same judgment.'" *Amarin Pharms. Ir., Ltd. v. FDA*, 139 F. Supp. 3d 437, 439-43 (D.D.C. 2015) (ellipsis in original) (quoting *Griggs*, 459 U.S. at 59-60); *see Chamber of Com. of the U.S. v. SEC*, 443 F.3d 890, 897 (D.C. Cir. 2006) (noting the rationale of "avoiding confusion or a waste of time by having the same matter considered in more than one forum at the same time").

"Courts have carved out a few narrow exceptions to this rule," *DeFries*, 129 F.3d at 1302-03, but none applies here. Such recognized exceptions are "where the defendant frivolously appeals," *id.* (citing *United States v. LaMere*, 951 F.2d 1106, 1109 (9th Cir. 1991) (per curiam)), or "takes an interlocutory appeal from a non-appealable order," *id.* (citing *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989)). Both this Court and the D.C. Circuit have declined to carve out additional exceptions. *See id.* (refusing to recognize an exception where the D.C. Circuit had issued an opinion but not yet its mandate); *Princz v. Federal Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993) (holding that the district court lacked jurisdiction to proceed with the case while the D.C. Circuit considered an interlocutory appeal from the denial of a motion to dismiss based on sovereign immunity); *Amarin Pharms.*, 139 F. Supp. 3d at 443 (ruling that a notice of appeal deprived the district court of jurisdiction to entertain an intervention motion).

Even if additional exceptions were to apply, none would permit this Court to undermine the jurisdiction of the D.C. Circuit. While it is well established that a district court may act "in aid of appeal" by, for example, memorializing an oral opinion in writing after an appeal is filed or correcting an order's imprecise wording, *Doe v. Pub. Citizen*, 749 F.3d 246, 258-59 (4th Cir. 2014), a district court "does *not* act in aid of the appeal when it alter[s] the status of the case as it rests before the court of appeals," *id.* at 259 (alteration in original, emphasis added, and internal quotation marks omitted); *see Newton v. Consol. Gas Co. of N.Y.*, 258 U.S. 165, 177 (1922) (holding that, although the trial court may if necessary "preserve the status quo until decision by the appellate court," it "may not finally adjudicate substantial rights directly involved in the appeal").

This Court's power under Federal Rule of Civil Procedure 62 is subject to the same constraints. This rule, entitled "Stay of Proceedings to Enforce a Judgment," provides in part: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Notably absent from this rule is the authority for the district court to *dissolve* an injunction that is the subject of an appeal. *Id.*; *see Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 819 (5th Cir. 1989) ("The omission of 'dissolutions' appears to indicate a limit on the district court's power to modify an injunction pending appeal, where the effect of its order would be to oust the appellate court's jurisdiction.").

Consistent with its text, appellate courts have held that Rule 62(d) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734-35 (9th Cir. 1982); *see* 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3921.2 (3d ed. 2021) (recognizing "the general view that two courts should not have simultaneous jurisdiction over a single order [because t]rial-court power to dissolve or modify an order pending appeal is power to destroy the jurisdiction of the court of appeals or to force reconsideration of a matter that may have progressed to the very final stage of decision"). Instead, "the weight of practice and respect for both judicial efficacy and higher authorities dictate that district courts should use [Rule 62(d)] only in a manner that preserves the status quo and thus the integrity of the appeal." *City of Chicago v. Sessions*, 321 F. Supp. 3d 855, 881 (N.D. Ill. 2018); *Coastal Corp.*, 869 F.2d at 820 (holding that "the powers of the district court over an injunction pending appeal should be limited to maintaining the status quo and ought not to extend to the point that the district court can divest the court of appeals from jurisdiction"); *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962) (similar). Even courts that take a broader view of what a district court may do with a preliminary injunction that is on appeal recognize that the district court's authority is not "open ended, allowing a district court without limitation … to modify a preliminary injunction at any time after an appeal has been taken." *Ortho Pharma. Corp. v. Amgen, Inc.*, 887 F.2d 460, 464 (3d Cir. 1989); *see* Wright & Miller,

5

*supra*, § 3921.2 (endorsing a broader view of district court authority under Rule 62(d) so long as "district courts [do not] act precipitously in ways that interfere with court of appeals deliberations").[1]

Finally, neither *Horne v. Flores*, 557 U.S. 433 (2009), nor *Frew v. Hawkins*, 540 U.S. 431 (2004), is to the contrary. Those cases stand for the proposition that courts should continually strive to fashion equitable relief to ensure that responsibility for carrying out public functions is returned to the responsible public officials as soon as is warranted. Nothing in either case suggests that this Court has the authority—let alone the "obligation," Pls.' Request at 6—to frustrate appellate review by preemptively dissolving an injunction that defendants want fully vacated on appeal.

## II. This Court Should Reject Plaintiffs' Improper Attempt To Moot Defendants' Appeal.

In asking this Court to dissolve or substantially modify the preliminary injunction, plaintiffs threaten to undermine the integrity of defendants' appeal and the D.C. Circuit's jurisdiction. Indeed, plaintiffs make little secret of their ultimate goal, expressly stating that "if this Court were to suspend or modify the preliminary injunction[,] … that might obviate the need to proceed with the appeal." Pls.' Request at 6. Plaintiffs were more direct in conferring with defendants' counsel prior to filing

---

[1] Plaintiffs' reliance (at 6) on Federal Rule of Civil Procedure 62.1's indicative-ruling process is premature, as that process is triggered by "a timely motion … for relief," which plaintiffs have not made. If plaintiffs would agree to dissolve the injunction in its entirety, *nunc pro tunc*, defendants could promptly file a proper Rule 62.1 motion.

6

their request, explaining that they would move to lift the preliminary injunction and thereby "moot" the appeal. But this Court should not—and cannot—use any such motion to defeat the D.C. Circuit's jurisdiction over the appeal just two weeks before argument. *See supra* pp. 2-6.

This is especially so because plaintiffs are inviting litigation in this Court over the very issue on appeal. While hoping that this Court will moot the appeal, plaintiffs nevertheless apparently want to retain the benefit of the preliminary injunction and to use it for preclusive or other legal effect in future proceedings, including likely seeking attorneys' fees and costs. To this end, they continue to oppose the relief that defendants would receive if they prevailed on their appeal: a determination that the preliminary injunction must be vacated in its entirety. While plaintiffs claim that "vacatur *nunc pro tunc* would make no sense," Pls.' Request at 5 n.1, that is precisely the question on appeal. If defendants are correct in the legal arguments they are advancing on appeal, they are entitled to full vacatur. By attempting to relitigate these issues before this Court, instead of before the D.C. Circuit, plaintiffs are doing a disservice to judicial economy, defendants' resources, and the rules of federal civil and appellate procedure.

Plaintiffs' late-breaking request is further contrary to the efficient resolution of litigation and the need for "well-defined, predictable rules" governing the division of labor between appellate and district courts. *DeFries*, 129 F.3d at 1303. Briefing on appeal has been completed, oral argument is just two weeks away, and plaintiffs' request of this Court follows on the heels of the D.C. Circuit's announcement of the

7

merits panel. The panel members—just like the parties—are presumably in the process of reviewing the briefs and preparing for oral argument. Any proceedings at this point threaten to disrupt the D.C. Circuit's ongoing consideration of defendants' appeal and the orderly administration of the appellate process. *See Aljabri v. Holder*, 745 F.3d 816, 820 (7th Cir. 2014) (explaining that a district court cannot modify an order that is the subject of an interlocutory appeal because it would be "at best wasteful of resources and at worst chaotic").

    Although plaintiffs claim that a change in factual circumstances prompts their request, their briefing in the D.C. Circuit paints a different picture. Plaintiffs now cite three changed circumstances: the extensive vaccination of the St. Elizabeths Hospital's patient population, the low rate of COVID-19 among patients, and improved COVID-19 conditions throughout the District. Pls.' Request at 2-4. But these circumstances were known to plaintiffs when they originally filed their brief on appeal on March 18. At that time, defendants had reported to this Court that, in administering vaccinations since December, the Hospital had already provided most staff and patients with two vaccine doses, *see, e.g.*, Mar. 12, 2021 Defs.' Notice of Compliance [137] at 3; that plaintiffs knew that the number of new patient infections had been low or non-existent for several months, *see* Corrected Br. of Appellees at 21; and that the Mayor had already eased the District's COVID-19 restrictions, *see* Mayor's Order 2021-038 (Mar. 17, 2021), 67 D.C. Reg. 2943. But plaintiffs never even hinted to the D.C. Circuit that these changed circumstances might warrant relief from the injunction. To the contrary, plaintiffs suggested that releasing the

8

defendants from the injunction's requirements would be "like throwing away your umbrella in a rainstorm because you are not getting wet." Corrected Br. of Appellees at 51 (quoting *Shelby County v. Holder*, 570 U.S. 529, 590 (2013) (Ginsburg, J., dissenting)).  Plaintiffs' current position before this Court—indicating no need for the injunction—is remarkably inconsistent with their position in the D.C. Circuit.  The only genuinely changed circumstance since plaintiffs filed their appellate brief appears to be that they now know the panel that will decide the appeal.  This Court should reject any attempt to enlist this Court in manipulating the appellate process to deprive defendants of the full relief that they request on appeal.

## CONCLUSION

Consistent with plaintiffs' request, this Court should stay enforcement of the preliminary injunction pending appeal.  The Court should decline to act further in order to preserve the integrity of the appeal.

Dated: April 28, 2021         Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Acting Deputy Attorney General
Public Interest Division

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
HONEY MORTON [1019878]
GAVIN N. PALMER [1619264]
Assistant Attorneys General
Equity Section

ROBERT A. DEBERARDINIS, JR.
[335976]

*/s/ Loren L. AliKhan*
LOREN L. ALIKHAN [997064]
Solicitor General

*/s/ Carl J. Schifferle*
CARL J. SCHIFFERLE [463491]
Deputy Solicitor General
Office of the Solicitor General

9

Senior Assistant Attorney General
Civil Litigation Division
Office of the Attorney General
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
micah.bluming@dc.gov
honey.morton@dc.gov
gavin.palmer@dc.gov
robert.deberardinis@dc.gov

Office of the Attorney General
400 Sixth Street, N.W., Suite 8100
Washington, D.C. 20001
loren.alikhan@dc.gov
carl.schifferle@dc.gov

*Counsel for Defendants*